IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE HEATING, PIPING
& REFRIGERATION PENSION FUND,	*
et al.,

    Plaintiffs,	*

    v.	*        CIVIL NO. JKB-17-3690

CLEAN AIR MECHANICAL, INC., et al.,	*

    Defendants.	*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM**

*I.    Introduction*

Plaintiffs, Steamfitters Local Union 602 and the trustees of eight multiemployer benefit and trust funds, filed suit against Defendants Clean Air Mechanical, Inc. ("CAM"), CAM's alleged owner, James Hardesty Jr., and Clean Air Building Services, LLC ("CABS"), alleging, inter alia, various violations of Defendants' contribution and reporting obligations under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and breach of fiduciary duty. Now before the Court are three motions filed by Plaintiffs: a motion for leave to amend their complaint (Mot. Amend, ECF No. 60); an unopposed motion to compel Defendants CAM and Hardesty Jr. to respond to discovery requests (Mot. Compel, ECF No. 63); and a motion for a show cause order with respect to CAM's failure to comply with the local rule requiring corporate defendants to enter an appearance of new counsel within thirty days of their counsel's withdrawal (Mot. Show Cause, ECF No. 69 (citing Local R. 101.2 (D. Md. 2016))). No hearing

is required. *See* Local R. 105.6 (D. Md. 2016). For the reasons set forth below, the Court will grant Plaintiffs' motions.

## II. Procedural Background

Plaintiffs filed a Complaint on December 14, 2017, seeking unpaid fund contributions, liquidated damages, and other forms of relief, including an order permitting a payroll audit to determine the amount of damages owed by Defendants. (Compl. at 14–15, ECF No. 1.) After initial failures to answer or otherwise respond, the Clerk entered default against all Defendants on February 12, 2018. (ECF No. 17.) Plaintiffs then moved for partial default judgment against CABS on their claim for an order to permit a payroll audit. (ECF No. 18.) CABS opposed the motion and filed a motion to dismiss for insufficient service. (ECF Nos. 20 and 21.) Eventually, the entry of default was vacated (ECF No. 24), and both CABS's motion to dismiss and Plaintiffs' motion for partial default judgment were withdrawn by the parties (ECF Nos. 32 and 33).

In July 2018, this Court issued a scheduling order setting pretrial deadlines. (ECF No. 46.) Under that Order, motions to amend the pleadings were due by August 6, 2018, and discovery was set to close on November 5, 2018. (*Id*. at 2.) Discovery was later extended until January 2019 in light of the pending motions addressed by this ruling. (ECF No. 66.)

On July 18, 2018, shortly after issuance of the scheduling order, counsel for CAM and Hardesty Jr. filed a motion to withdraw. (ECF No. 50.) Exhibits attached to counsel's motion indicated that both Defendants were provided with the seven-day notice required by Local Rule 101.2 and advised that, as a corporate Defendant, CAM could not appear *pro se* under Local Rule 101.2(b). (ECF No. 50-1.) The Court granted counsel's motion (ECF No. 51) and, following its usual practice, mailed notice of the withdrawal, including a copy of Local Rule 101.2, to Hardesty Jr. (ECF No. 52). To date, no counsel has appeared on behalf of CAM or on behalf of

Hardesty Jr. On November 28, 2018, Plaintiffs filed a motion asking the Court to order CAM to show cause why default should not be entered against it for failure to enter an appearance of counsel as required by Local Rule 101.2(b). (ECF No. 69.)[1]

According to the motions and supporting exhibits currently before the Court, Plaintiffs served requests for discovery, including interrogatories and requests for production, upon all Defendants on July 10, 2018. (Local Rule 104.7 Certificate ¶ 3, ECF No. 63-2 [hereinafter "Certificate"].) Defendants CAM and Hardesty Jr. did not respond or object to these requests, before or after the withdrawal of their counsel. (*Id.* at ¶ 4.) After multiple attempts to confer with them (*id.* at ¶¶ 4–8), Plaintiffs filed a motion to compel, which also sought an award of attorneys' fees. (Mot. Compel Mem. Supp. at 3, ECF No. 63-1.) No response in opposition was filed.

CABS responded to Plaintiffs' discovery requests on August 17, 2018. (*See* Discovery Responses, Reply Mot. Amend Exhs. A and B, ECF Nos. 62-1 and 62–2.) Based on CABS's responses, Plaintiffs moved for leave to amend their Complaint and add Diane Hardesty, CABS's owner and the mother of Hardesty Jr., as an individual defendant in the case. (Mot. Amend Mem. Supp. at 1, 3, ECF No. 60-3.) CABS opposed the motion. (ECF No. 61.)

### III. Analysis

#### A. *Motion to Amend*

When a party seeks to amend a pleading after the expiration of deadlines contained in a scheduling order, it must satisfy the requirements of both Rule 16(b)(4) and Rule 15(a)(2). *Cook v. Howard*, 484 F. App'x 805, 814–15 (4th Cir. 2012) (per curiam) (applying a two-prong test);

---

[1] CABS has also been without representation since November 8, 2018. (Order Granting Motion to Withdraw, ECF No. 68.) CABS's current lack of counsel does not bear on any of the motions currently before the Court. Under Local Rule 101.2(b), CABS must enter an appearance of counsel by December 10, 2018.

3

*United States v. Hartford Accident & Indemnity Co.*, Civ. No. JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016) (same).

Under Rule 16, a motion to modify a scheduling order may be granted only upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). The burden to demonstrate good cause rests on the moving party. *Hartford Accident & Indemnity*, 2016 WL 386218, at *5. Good cause exists if "deadlines cannot reasonably be met despite the party's diligence." *Cook*, 484 F. App'x at 815 (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1522.2 (3d ed. 2010)). Courts consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (citing *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010)). Modification should not be permitted where the movant "has not acted diligently" to comply with the schedule. *Cook*, 484 F. App'x at 815 (quoting 6A Wright & Miller § 1522.2).

Rule 15 permits amendment "with the opposing party's written consent or with the court's leave," which should be "freely [granted] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)).

Under these standards, Plaintiffs must first satisfy the Court that good cause exists for the untimely amendment. "Because a court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." *Hartford Accident & Indemnity*, 2016 WL 386218, at *5 (quoting *Odyssey*

*Travel Ctr., Inc. v. RO Cruises*, 262 F. Supp. 2d 618, 632 (D. Md. 2003)). In this case, the Court concludes that Plaintiffs had good cause for the delay: the factual basis for the proposed amendment was not available to them until CABS responded to discovery, at which point, the scheduling order's deadline had already elapsed. (Mot. Amend Mem. Supp. at 3.) Plaintiffs cite to specific documents and interrogatory answers produced in discovery relating to CABS's formation, finances, and operations, which they argue form the basis of Diane Hardesty's alleged individual liability and which they claim were not known or available to them prior to receiving discovery on August 17, 2018. (*See* Reply Mot. Amend at 3–4, ECF No. 62.) The Court is satisfied that, under these circumstances, Plaintiffs could not "reasonably [have] met" the scheduling order's deadline for amendment. *Cook*, 484 F. App'x at 815 (quoting 6A Wright & Miller § 1522.2)).

Furthermore, Plaintiffs otherwise appear to have acted promptly to honor deadlines and minimize delay, sending discovery requests the day after entry of the scheduling order and filing the present motion within two weeks of production. (Reply Mot. Amend at 6; Mot. Amend Mem. Supp. at 4.) Accordingly, the Court is further satisfied that Plaintiffs acted with the requisite diligence to comply with Court-ordered deadlines. *Cook*, 484 F. App'x at 815; *see also Rassoull v. Maximus, Inc*, 209 F.R.D. 372, 374 (D. Md. 2002) (referring to "diligence" as the "primary consideration" in a Rule 16(b) inquiry). Therefore, "good cause" exists under Rule 16(b)(4).

Now the Court must turn to Rule 15. Although CABS has not consented to amendment (Opp'n Mot. Amend, ECF No. 61), it does not argue that amendment would be prejudicial or futile, or that it was made in bad faith. *Nourison Rug Corp.*, 535 F.3d at 298. CABS's only objection stems from timing concerns—namely, that Plaintiffs did not attempt to add Diane Hardesty as a defendant at an earlier time. (Opp'n Mot. Amend at 2.) The interest in timeliness was already

5

addressed by the Court's conclusion that Plaintiffs satisfied Rule 16(b)(4)'s good cause requirement. CABS raised no other objections—and the Court sees no grounds for any—that would convince the Court not to permit amendment under Rule 15(b)'s liberal standard.

Accordingly, Plaintiffs motion for leave to amend will be granted.

### B. *Motion to Compel Discovery*

Under the discovery rules, a party must respond to requests for responses to interrogatories and to requests for production within thirty days of being served, unless the parties stipulate to a different deadline. Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (requests for production). A motion to compel discovery may be made when a party fails to respond to discovery requests, Fed. R. Civ. P. 37(a)(3)(B), provided the movant first made good faith attempts to confer with the non-responsive party prior to seeking court action, Fed. R. Civ. P. 37(a)(1).

In this case, Plaintiffs submitted documentation showing that they served CAM and Hardesty Jr. with discovery requests on July 10, 2018. (Certificate Exh. A, ECF No. 63-2, at 9.) Neither Defendant responded or objected within thirty days. (Certificate ¶¶ 5–6.) Plaintiffs attempted to confer with them by letter on August 16, 2018, and again on September 6, 2018, to no avail. (Certificate Exh. D, ECF No. 63-2, at 40–41.) In their last letter, Plaintiffs requested a teleconference (*id.* at 41), but the Defendants failed to appear. (Certificate ¶ 7.) Plaintiffs received no response to date. (*Id.* ¶ 8.) This complete failure to engage in discovery renders CAM and Hardesty Jr. in clear violation of the discovery rules. Defendants, who did not oppose the present motion, offer no justification or explanation for the lack of response.

Accordingly, Plaintiffs' motion to compel will be granted. CAM and Hardesty Jr. will be ordered to respond to Plaintiffs' discovery requests (Certificate Exh. B, ECF No. 63-2) within

thirty days.  Because neither Defendant raised a timely objection to the requests, any objections, other than those based on privilege, are likely now waived.  *See* Fed. R. Civ. P. 33(b)(4).

In addition, as a sanction for failure to participate in discovery, the Court will order CAM and Hardesty Jr. to pay Plaintiffs' attorneys' fees in the amount of $470.00 to compensate Plaintiffs for reasonable expenses incurred in attempting to obtain a response.  (Mot. Compel Mem. Supp. at 3.)  *See also* Fed. R. Civ. P. 37(a)(5)(A) (providing that, upon granting a motion, a court must "require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses").[2]

Finally, the Court will order CAM and Hardesty Jr. to show cause within thirty days why further sanctions, including, but not limited to, entry of default judgment, should not be imposed against them for their failure to respond to discovery.  Fed. R. Civ. P. 37(d)(3).  Failure to comply with the show cause order or the order compelling discovery may result in the entry of default judgment on the claims against them.  Fed. R. Civ. P. 37(b)(2)(A)(vi).

### C. *Motion for Show Cause Order*

Local Rule 101.2(b) requires corporate parties to have new counsel enter an appearance within thirty days of the withdrawal of counsel.  Unlike individual parties, corporate entities cannot appear *pro se*.  *Compare* Local R. 101.2(a) *with* Local R. 101.2(b).  Failure to comply with the thirty-day deadline may result in entry of default judgment.  Local R. 101.2(b).

CAM's counsel moved and was granted leave to withdraw on July 18, 2018.  (ECF No. 61.)  More than four months later, CAM has not entered an appearance of counsel.  CAM is thus in

---

[2] Rule 37(a)(5)(A) requires that a non-moving party have the "opportunity to be heard" before ordering it to pay the movant's expenses.  In this case, Plaintiffs' motion to compel included an express request for attorneys' fees.  (Mot. Compel Mem. Supp. at 3.)  CAM and Hardesty Jr. did not file in opposition during the fourteen-day response period, and neither moved for leave to file a late response in the weeks that followed.  The Court considers this to be more than sufficient opportunity to be heard, which both Defendants abandoned through inaction.  As a result, the Court has no reason to believe that any exception—such as that nonresponse was "substantially justified" or that circumstances make a fee award "unjust," Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii)—applies here.

violation of Local Rule 101.2(b) and appears to be in default. Accordingly, the Court will order CAM to enter an appearance of counsel and show cause within thirty days why default or default judgment should not be entered on the claims against it. Local Rule 101.2(b); *see also Symeonidis v. Paxton Capital Grp., Inc.*, 220 F. Supp. 2d 478, 486, 486 n.17 (D. Md. 2002).

## IV. Conclusion

For the foregoing reasons, an Order shall enter: (1) granting Plaintiffs' motion for leave to amend the Complaint; (2) granting Plaintiffs' motion to compel Defendants Clean Air Mechanical, Inc. and James Hardesty Jr. to respond to discovery requests; and (3) granting Plaintiffs' motion for a show cause order against Clean Air Mechanical, Inc. with respect to its failure to enter an appearance of counsel pursuant to Local Rule 101.2(b), and ordering it to enter an appearance of counsel and show cause, within thirty days, why default judgment should not be entered against it. In addition, an Order shall enter ordering Defendants Clean Air Mechanical, Inc., and James Hardesty Jr. to pay Plaintiffs' attorneys' fees in the amount of $470.00, and further ordering them to show cause, within thirty days, why additional sanctions, including, but not limited to, judgment on claims against them, should not be imposed pursuant to Federal Rule of Civil Procedure 37(d).

DATED this 30th day of November, 2018.

BY THE COURT:

/s/
James K. Bredar
Chief Judge