IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE HEATING, PIPING
& REFRIGERATION PENSION FUND,
et al.,

    Plaintiffs,

v.      CIVIL NO. JKB-17-3690

CLEAN AIR MECHANICAL, INC., et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

The Court previously ordered entry of default against Defendants Clean Air Mechanical, Inc. ("CAM"), Clean Air Building Services, LLC ("CABS"), James Hardesty, Jr., and Diane Hardesty, after CAM, CABS, and Hardesty, Jr., violated show cause orders and after Hardesty failed to answer. (Entry of Default, ECF No. 76.) Plaintiffs then moved for default judgment. (Mot. Default J., ECF No. 78.) In moving for default judgment, Plaintiffs relied on records designated as confidential by Defendants during discovery, and, in accordance with the Stipulated Confidentiality and Protective Order entered by this Court (ECF No. 56), they filed an interim motion to seal under Local Rules 104.13(c) and 105.11 (D. Md. 2018). (Mot. Seal, ECF No. 79.) Defendants neither objected to nor filed in support of the motion to seal.

Whether a court document should be sealed requires consideration of the standard set forth in *Virginia Department of State Police v. Washington Post*, 386 F.3d 567 (4th Cir. 2004). A party's mere desire to keep information confidential does not suffice. The proponent of sealing documents submitted to a court to support or oppose a dispositive motion must show that the proposed sealing

is narrowly tailored to serve a compelling governmental interest. *Id.* at 578–79 (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Further, the party requesting sealing must present specific reasons in support of its position. *Id.* at 575; *see also* Local R. 105.11. In considering a motion to seal, a district court must consider less drastic alternatives to sealing. *Va. Dep't of State Police*, 386 F.3d at 576.

No compelling government interest or less drastic alternative has been identified in this case. In their motion, Plaintiffs state that they filed the interim motion to seal to comply with the Stipulated Confidentiality Order but that they "have no knowledge regarding [Defendants'] basis for designating the records 'Confidential'" during discovery. (Mot. Seal ¶ 4.) Nor have Defendants come forward to offer any. Accordingly, the standard to seal required by *Virginia Department of State Police* and incorporated into Local Rule 105.11 is not satisfied.

For the foregoing reasons, it is hereby ORDERED:

- Plaintiffs' interim motion to seal (ECF No. 79) is DENIED.
- Pursuant to Rule 105.11, Plaintiffs have ten days from the date of this order to withdraw the materials presently filed under seal. If the materials are not withdrawn in that time, the clerk is DIRECTED TO UNSEAL Plaintiffs' motion for default judgment. (ECF No. 78.)

DATED this 25 day of March, 2019.

BY THE COURT:

_____
James K. Bredar
Chief Judge

2