IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE HEATING, PIPING & REFRIGERATION PENSION FUND, *et al.*, | * |
| Plaintiffs, | * |
| v. | * |
| CLEAN AIR MECHANICAL, INC., *et al.*, | * |
| Defendants. | * |

CIVIL NO. JKB-17-3690

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Now pending before the Court is Plaintiffs' request that the Court impose sanctions for civil contempt against Defendants James Hardesty and Clean Air Building Services, L.L.C. (ECF No. 191.) For the reasons set forth below, Plaintiffs' request will be GRANTED.

### I. *Background and Findings of Fact*

On December 14, 2017 Plaintiffs, Steamfitters Local Union 602 and the trustees of eight multiemployer benefit and trust funds, filed this action against James Hardesty, Clean Air Building Services, L.L.C. ("CABS"), and Clean Air Mechanical, Inc. ("CAM") alleging, *inter alia*, various violations of Defendants' contribution and reporting obligations under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and breach of fiduciary duty. (ECF No. 1.) CABS, CAM, and Mr. Hardesty were served in person by private process server on December 27, 2017. (ECF Nos. 9, 10, 11.) Subsequently, Plaintiffs filed an Amended Complaint, in which Plaintiffs, *inter alia*, added Diane Hardesty as a Defendant. (ECF No. 72.) Though CABS, CAM, and Mr. Hardesty had all Answered the original Complaint (*see* ECF Nos. 27, 40),

all four Defendants ignored the Amended Complaint and ceased participating in the lawsuit. At the Court's direction, the Clerk entered Defaults against all Defendants on January 23, 2019 (ECF No. 76), and the Court then granted Default Judgments against all Defendants on May 16, 2019 (ECF Nos. 81, 82).

Subsequently, Plaintiffs issued subpoenas to Mr. Hardesty, Ms. Hardesty, and CABS seeking discovery in aid of execution of judgment in order to determine the location of Defendants' assets. (*See* ECF No. 174-2.) The subpoenas required Defendants to produce documents and appear for depositions (or in CABS's case, designate a representative to do so) on January 21, 2020. (*Id.*) Defendants ignored the subpoenas, neither producing the requested documents, nor appearing for depositions, nor attempting to communicate with Plaintiffs in any way. (*Id.*) As such, on February 10, 2020, Plaintiffs requested that the Court issue an Order to Show Cause why Mr. Hardesty, Ms. Hardesty, and CABS should not be held in contempt. (ECF No. 174.) That same day, the Court issued an Order requiring those Defendants to Show Cause why they should not be held in contempt within ten days. (ECF No. 175.) Defendants ignored the Order. (*See* ECF No. 176.) The Court then Ordered Mr. Hardesty and CABS to appear before Magistrate Judge J. Mark Coulson for supplementary proceedings in accordance with Maryland Rule of Procedure 2-633.[1] (ECF No. 180.)

On June 6, 2020, Magistrate Judge Coulson issued an Order notifying Mr. Hardesty and CABS that they were Defendants in a contempt proceeding and directing them to produce the subpoenaed documents and to appear before the Court for an oral examination on a date to be determined. (ECF No. 185.) Magistrate Judge Coulson also explicitly notified the Defendants

---

[1] Pursuant to 11 U.S.C. § 362, the case was stayed with respect to Ms. Hardesty after she filed a Voluntary Petition for Individuals Filing for Bankruptcy under Chapter 13 of Title 11 of the United States Code. (*See* ECF Nos. 177, 179.)

that if they failed to comply with the Court's Orders, the Court could hold them in contempt and impose sanctions, "including, but not limited to: monetary sanctions; payment of attorneys' fees; payment of other costs; and possible arrest" and coercive incarceration. (*Id.* at 1, 3–4.) In a subsequent Order, Magistrate Judge Coulson directed Mr. Hardesty and CABS to produce the requested documents on or before October 20, 2020 and to appear for a telephone hearing on October 27, 2020. (ECF No. 187.) Magistrate Judge Coulson also again notified Mr. Hardesty and CABS of the penalties that could be imposed if they failed to produce the documents or appear at the hearing. (*Id.*)

Mr. Hardesty and CABS disregarded Magistrate Judge Coulson's Orders. They again failed to produce the requested documents, appear at the hearing, or otherwise acknowledge the Court's authority. (*See* ECF Nos. 189, 192.) Accordingly, Plaintiffs requested that the Court impose sanctions. (ECF No. 191.)

## II. *Analysis*

Based on the above findings of fact, the Court holds Mr. Hardesty and CABS in civil contempt and imposes sanctions on each Defendant. Mr. Hardesty and CABS have repeatedly ignored the Court's Orders and defied the Court's authority, leaving the Court no alternative but to coerce compliance through sanctions.

The Court "may impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (internal quotation marks and citations omitted). "For example, a court may impose a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration." *F.T.C. v. RCA Credit Servs., LLC*, Civ. No. JDW-08-2062, 2011 WL 5924969, at *5 (M.D. Fla. Oct. 5, 2011) (citations omitted). Here, a coercive fine against

CABS is undoubtedly warranted. In accordance with this Court's past practice in similar cases, the Court will impose a daily fine of $500 against CABS until it purges its contempt. *See, e.g., Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633 (D. Md. 2015); *Am. Nat'l Red Cross v. World Inst. of Safety LLC,* Civ. No. JKB-19-2310, 2020 WL 5913239 (D. Md. Oct. 5, 2020).

However, experience indicates that monetary penalties alone will be insufficient to coerce compliance. Mr. Hardesty and CABS have avoided responding to the Court's Orders for months in spite of the substantial outstanding Judgment against them, and the Court sees no reason to think that simply increasing the sum owed will effectively convince them to change their course. As documented at length above, for over eight months, Mr. Hardesty has defied the Court's Orders, including: the February 10, 2020 Order to Show Cause (ECF No. 175); the June 3, 2020 Order directing Mr. Hardesty to produce the requested documents (ECF No. 185); and the October 5, 2020 Order again directing Mr. Hardesty to produce the requested documents and appear for a telephone hearing on October 27 (ECF No. 187). In such circumstances, coercive incarceration— incarceration designed not to punish, but to coerce compliance with the Court's order—is warranted. *See Enovative Techs.*, 110 F. Supp. 3d at 637 (imposing coercive incarceration as sanction for contempt) (*citing Shillitani v. United States,* 384 U.S. 364, 369 (1966) (approving of coercive incarceration as a sanction for civil contempt)). As such, the Court will order that a warrant be issued for Mr. Hardesty's immediate arrest and that he be held in jail as a coercive sanction for civil contempt, unless and until he purges himself of contempt by providing the subpoenaed documents and testimony.

DATED this 30 day of October, 2020.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge

5