## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE HEATING, PIPING    *
& REFRIGERATION PENSION FUND, *et*
*al.*,

                                *

       Plaintiffs,

       v.                                *

                                      **CIVIL NO. JKB-17-3690**

CLEAN AIR MECHANICAL, INC., *et al.*,    *

       Defendants.                 *

     *      *      *      *      *      *      *      *      *      *      *      *

## MEMORANDUM

On October 28, 2021, this Court held Defendant Diane Hardesty in civil contempt for her repeated failure to comply with a valid subpoena and this Court's Orders. (*See* ECF No. 208 at 3.) On the basis of that finding, the Court imposed a coercive fine of $500 per day on Ms. Hardesty unless and until she purged her contempt by complying with the documentary and testimonial demands of the underlying subpoena within fourteen days. (*Id.* at 3–4.) On November 30, 2021, Plaintiffs filed a Notice of Failure to Purge Contempt explaining that, over a month later, Ms. Hardesty has made no efforts to purge her contempt or to permit Plaintiffs the discovery necessary for them to effectively enforce the judgment entered more than two years ago in this matter. (*See* ECF Nos. 82 (judgment), 209 (notice).) Plaintiffs explain that it is now "apparent to Plaintiffs that financial repercussions are insufficient to compel Ms. Hardesty to comply with her obligations" and that they "submit that more severe sanctions are necessary and appropriate to obtain Ms. Hardesty's compliance and to provide Plaintiffs an opportunity to enforce their judgment." (ECF No. 209 at 1–2.) As explained in more detail below, the Court agrees that more severe sanctions

are necessary in light of Ms. Hardesty's repeated and continuing refusal to comply with a valid subpoena and this Court's Orders.

## I.    *Background and Findings of Fact*

The background of this matter is explained in more detail in this Court's prior memorandum finding Defendant James Hardesty in civil contempt of court. (*See* ECF No. 193.) The Court incorporates those findings of fact by reference and fully adopts them here. To briefly recapitulate, Plaintiffs filed this action on December 14, 2017, against James Hardesty, Clean Air Building Services, L.L.C. ("CABS"), and Clean Air Mechanical, Inc. ("CAM") alleging, *inter alia*, various violations of Defendants' contribution and reporting obligations under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and breach of fiduciary duty. (ECF No. 1.) The Complaint was subsequently amended to add Ms. Hardesty as a Defendant. (ECF No. 72.) All four Defendants ignored the Amended Complaint, and the Court ultimately granted Default Judgment against all Defendants on May 16, 2019. (ECF Nos. 81, 82.)

Plaintiffs then issued subpoenas to Defendants, including Ms. Hardesty, seeking discovery to determine the location of Defendants' assets to aid in the execution of the default judgment. (*See* ECF No. 174-2.) Those subpoenas required Defendants to produce documents and to appear for depositions on January 21, 2020. (*Id.*) Defendants ignored the subpoenas, neither producing the requested documents, nor appearing for depositions, nor attempting to communicate with Plaintiffs in any way. In response, Plaintiffs requested this Court issue an Order to Show Cause why Defendants should not be held in contempt for failure to comply with the subpoenas. (ECF No. 174.) The same day, the Court issued an Order requiring Defendants to Show Cause within ten days as to why they should not be held in contempt for failure to comply with Plaintiffs' subpoenas. (ECF No. 176.) Shortly thereafter, that Order was stayed pursuant to 11 U.S.C. § 362

with respect to Ms. Hardesty based on her filing of a Voluntary Petition for Individuals Filing for Bankruptcy under Chapter 13 of Title 11 of the United States Code. (*See* ECF Nos. 177, 179.)

On September 23, 2021, Plaintiffs filed a Notice of Termination of Bankruptcy and Request for Reinstatement of Order to Show Cause explaining that Ms. Hardesty's bankruptcy proceeding had been terminated and the automatic stay had been lifted from this matter. (*See* ECF No. 204.) The following day, this Court issued a new Order requiring Ms. Hardesty to show cause as to why she should not be held in contempt for her failure to comply with Plaintiffs' subpoena. (ECF No. 205.) After Ms. Hardesty failed to respond in any way to the Show Cause Order, the Court issued an Order directing Plaintiffs to advise on appropriate contempt sanctions for Ms. Hardesty. (ECF No. 206.) Plaintiffs responded requesting: "(1) a finding that Ms. Hardesty is in civil contempt; (2) payment of reasonable attorneys' fees incurred by Plaintiffs to obtain Ms. Hardesty's compliance with their post-judgment discovery; (3) imposition of additional monetary sanctions; (4) an order directing Ms. Hardesty to produce all documents sought by Plaintiffs' subpoena within ten (10) days of the date of the order and to contact Plaintiffs' counsel to schedule an asset deposition within ten (10) days of the date of the order to purge such contempt; and (5) advise Ms. Hardesty of the potential for further sanctions, including the potential for coercive incarceration." (ECF No. 207.)

Explaining that "the record in this case confirms that all of Plaintiffs' requested remedies [against Ms. Hardesty] are appropriate at this juncture," the Court held Ms. Hardesty in civil contempt and imposed a coercive fine of $500 per day until Ms. Hardesty purged her contempt. (ECF No. 208 at 3–4.) Although that Order required Ms. Hardesty to purge her contempt within fourteen days through compliance with Plaintiffs' subpoena, Plaintiffs advise that more than a month later, Ms. Hardesty has taken no steps towards compliance. (*See* ECF No. 209.)

## II.    *Analysis*

As this Court has previously explained, Federal Rule of Civil Procedure 45(g) provides that a district court "for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." A party moving for civil contempt must show, by clear and convincing evidence "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that [the] movant suffered harm as a result." *Commonwealth Constr. Co. v. Redding*, Civ. No. GLR-14-3568, 2016 WL 8671536, at *2 (D. Md. May 6, 2016) (quoting *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)).

The Court has already found that all four of these conditions have been met with respect to Ms. Hardesty's repeated and unexplained refusals to comply with Plaintiffs' subpoena or this Court's orders. (*See* ECF No. 208 at 2.) Thus, the only question is whether a more severe sanction than the previously-imposed coercive fine is warranted at this juncture. "The appropriate remedy for civil contempt is within the court's broad discretion." *In re Gen. Motor Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). These sanctions can include "[i]ncarceration . . . upon a finding of civil contempt as long as the purpose is to coerce compliance with a court's order, rather than to punish for the contemnor's failure to comply." *Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633, 637 (D. Md. 2015) (citing *Shilitani v. United States*, 384 U.S. 364, 369 (1966)); *see also F.T.C. v. RCA Credit Servs., LLC,* Civ. No. JDW-08-2062, 2011 WL 5924969, at *5 (M.D. Fla. Oct. 5, 2011) (explaining that, as a remedy for contempt, "a court may impose a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration"). Generally, this

Court only imposes coercive incarceration upon a finding that "an ongoing fine has proven futile." *Enovative Techs*, 110 F. Supp. 3d at 637; (*see also* ECF No. 193 at 4.) The Court is satisfied that this more severe sanction is required to compel Ms. Hardesty's compliance for several reasons.

First, Ms. Hardesty has been on notice about the potential for contempt based on her refusal to comply with the relevant subpoena for nearly two years. (*See* ECF No. 175 (requiring Ms. Hardesty to show cause on February 10, 2020).) While for much of that time the case was stayed due to the pendency of Ms. Hardesty's bankruptcy, she has still had far more time than most litigants to understand and be prepared to comply with her legal obligations. Second, in the time since the stay was lifted, Ms. Hardesty has made no attempt to comply with the legal obligations that existed prior to the stay or to respond to this Court's efforts to ensure her compliance with the same—including a warning by this Court that non-compliance would result in more severe sanctions, including the possibility of coercive incarceration. (ECF No. 208 at 4.) Third, it is troubling that this is the second time that a Defendant in this case has entirely stonewalled Plaintiffs' post-judgment discovery, requiring the Court to resort to civil contempt. (*See* ECF Nos. 176, 193.) As with Mr. Hardesty, it appears that once again "experience indicates that monetary penalties alone will be insufficient to coerce compliance." (ECF No. 193 at 4.) Accordingly, the Court will order that a warrant be issued for Ms. Hardesty's immediate arrest and that she be held in jail as a coercive sanction for civil contempt, unless and until she purges herself of contempt by complying with Plaintiffs' subpoenas for documents and testimony.

DATED this 2 day of December, 2021.

BY THE COURT:

James K. Bredar
Chief Judge