IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRUSTEES OF THE HEATING, PIPING & REFRIGERATION PENSION FUND, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. JKB-17-3690 |
| CLEAN AIR MECHANICAL, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

On July 11, 2022, Plaintiffs filed a Status Report providing an update on their long-standing efforts to compel Ms. Hardesty's compliance with post-judgment discovery in both a personal capacity and as a representative of Defendant Clean Air Building Services, L.L.C. ("CABS"). (*See* ECF No. 240.) In that filing, Plaintiffs advise the Court that Ms. Hardesty has made no attempts to comply with this Court's prior Orders and that she continues a pattern of "outrageous and inexcusable conduct" with respect to her legal obligations. (*Id.* at 1 n.1.) Unfortunately, consideration of the record confirms that Plaintiffs' statement is not hyperbolic. Accordingly, the Court will set in a Show Cause Hearing to determine whether further coercive incarceration of Ms. Hardesty is required to ensure long-overdue compliance with post-judgment discovery.

### *I.   Background*

The matter at issue stems from post-judgment discovery requests served on Ms. Hardesty both in her individual capacity and as a corporate representative of CABS. The relevant discovery was stayed from late 2019 until late 2021 based on bankruptcy proceedings related to Ms. Hardesty and CABS. (ECF Nos. 204, 205.) Following a resolution of these bankruptcy proceedings, this

Court issued an Order to Show Cause as to why Ms. Hardesty should not be held in contempt for failing to comply with the long delayed post-judgment discovery. (ECF No. 205.) After Ms. Hardesty failed to respond to that Order (and an additional Order finding her in civil contempt), the Court issued a Memorandum and Order concluding that coercive incarceration was necessary to obtain Ms. Hardesty's compliance with the post-judgment discovery and the related court Orders. (*See* ECF Nos. 210–12.)

Following Ms. Hardesty's voluntary surrender, this Court held a contempt hearing at which Ms. Hardesty stated that "she had misunderstood the nature of the subpoena and Court Orders with which she had failed to comply and further represented that she would produce the documents and provide the testimony required by Plaintiffs' subpoena at 9:00 a.m. on January 12, 2022." (ECF No. 213.) On February 14, 2022, Plaintiffs filed a further Notice with this Court stating that, despite various mutually-agreed extensions, Ms. Hardesty had still failed to produce the large majority of the documents required by Plaintiffs' subpoena. (ECF No. 219.) After Ms. Hardesty filed a correspondence disputing the status of this matter (ECF No. 221), the Court set in an in-court Status Conference for March 22, 2022. (ECF No. 224.)

At this second Conference, Ms. Hardesty advised the Court that "she was working diligently to compile, organize, and produce the remaining subpoenaed records" and that she could complete production of those documents within thirty days. (ECF No. 228.) Based on these representations, the Court set in a further in-court Status Conference for April 26, 2022. (*Id.*) At this third Conference, "Ms. Hardesty produced additional documents and represented to the Court that this production fully satisfied her obligations to produce records on behalf of herself and [CABS}." (ECF No. 232.) She also accepted service, in open court, of a writ of garnishment directed to CABS. (*Id.*)

2

Three days later, on April 29, 2022, Plaintiffs filed a Status Report disputing Ms. Hardesty's representations regarding the status of document production and identifying specific documents they believed remained unproduced based on Ms. Hardesty's representations made under oath at her deposition. (ECF No. 233.) The Court ordered Ms. Hardesty to respond to this Status Report within seven days. (ECF No. 234.) On May 25, 2022, having not heard from Ms. Hardesty in nearly two weeks, the Court ordered Plaintiffs to file a Status Report within fourteen days and ordered Ms. Hardesty to respond seven days thereafter. (*See* ECF No. 236.)

Plaintiffs timely filed a further Status Report detailing precisely the documents they had received from Ms. Hardesty and the documents that they believed remained outstanding. (ECF Nos. 237, 237-1 (chart of outstanding documents).) They also requested (per the Court's instruction) that Ms. Hardesty be sanctioned by requiring her to pay Plaintiffs' attorneys' fees for her continued contempt of this Court's orders. (ECF No. 237 at 2.) Hardesty again did not respond despite the Court's advisement that her failure to do so would be deemed by the Court as an admission of Plaintiffs' positions. (ECF No. 236.) Accordingly, on June 29, 2022, the Court granted Plaintiffs' request for attorneys' fees and ordered Ms. Hardesty to produce the outstanding documents within ten days. (ECF No. 239.) On July 11, 2022, Plaintiffs filed their most recent Status Report advising the Ms. Hardesty remains unresponsive to this Court's Orders.

## *II. Analysis*

Federal Rule of Civil Procedure 45(g) provides that a district court "for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." A party moving for civil contempt must show, by clear and convincing evidence, "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's

3

favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that [the] movant suffered harm as a result." *Commonwealth Constr. Co. v. Redding*, Civ. No. GLR-14-3568, 2016 WL 8671536, at *2 (D. Md. May 6, 2016) (quoting *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)).

The Court has long since found that these conditions are satisfied in this case, leaving open only the question of the appropriate sanction. (*See* ECF No. 210 at 4.) "The appropriate remedy for civil contempt is within the court's broad discretion." *In re Gen. Motor Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). These sanctions can include "[i]ncarceration . . . upon a finding of civil contempt as long as the purpose is to coerce compliance with a court's order, rather than to punish for the contemnor's failure to comply." *Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633, 637 (D. Md. 2015) (citing *Shilitani v. United States*, 384 U.S. 364, 369 (1966)); *see also F.T.C. v. RCA Credit Servs., LLC*, Civ. No. JDW-08-2062, 2011 WL 5924969, at *5 (M.D. Fla. Oct. 5, 2011) (explaining that as a remedy for contempt "a court may impose a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration"). Generally, this Court only imposes coercive incarceration upon a finding that "an ongoing fine has proven futile." *Enovative Techs*, 110 F. Supp. 3d at 637; (*see also* ECF No. 193 at 4.) An assessment of the record convinces the Court that Ms. Hardesty should be required to show cause as to why coercive incarceration is unwarranted.

Specifically, the Court finds that further fining Ms. Hardesty to secure her compliance would be futile. Ms. Hardesty has been subject to a coercive fine since late 2021 and the financial penalties for her noncompliance have recently been compounded by the Court's award of attorneys' fees to Plaintiffs. (*See* ECF Nos. 208 at 4, 239 at 1.) These measures have been

4

insufficient to obtain Ms. Hardesty's compliance with her obligations in this case and, recently, have even failed to get her to respond to Court Orders. (*See* ECF Nos. 234, 236, 239.)

That said, unlike when this Court previously ordered Ms. Hardesty's arrest, there is now some evidence in the record of her efforts to comply. Ms. Hardesty has sat for two depositions, produced some documents, and timely appeared before the Court for two Status Conferences. Notably, these positive developments were prompted by this Court's prior Order issuing a warrant for Ms. Hardesty's arrest and less than a day of coercive incarceration and the Court is optimistic that the threat of further coercive incarceration may help Ms. Hardesty appreciate the seriousness of the situation. (*See* ECF No. 213.) In sum, the Court is again willing to resort to such drastic coercive measures if necessary, but based on the present record, Ms. Hardesty will be permitted to show cause as to why such an order would not be appropriate. Given the significance of the decisions to be made at the forthcoming Show Cause Hearing, Ms. Hardesty is advised that she should strongly consider retaining counsel to best represent her interests. Accordingly, it is hereby ORDERED that:

1. A Show Cause Hearing is set in for **Thursday August 4, 2022, at 10:00 a.m. in Courtroom 5A;**
   a. Counsel for Plaintiffs, Ms. Hardesty, and (if retained) Ms. Hardesty's counsel are required to attend;
2. At this Hearing, Ms. Hardesty SHALL Show Cause as to why she should not be subject to coercive incarceration to compel her compliance with Plaintiffs' post-judgment subpoenas and this Court's Orders;
3. Plaintiffs SHALL provide Ms. Hardesty with a copy of this Memorandum and Order.

DATED this __14__ day of July, 2022.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge
